## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

GEORGE FREEMAN,                )
                                    )
       Plaintiff,            )
                                      )
       v.                  )     No. 1:21-cv-1549
                                      )
NORTHWOOD ASSET MANAGEMENT   )
GROUP, LLC, ANDREW FANELLI,      )
individually, and PLAZA SERVICES, LLC  )
                                      )
       Defendants.       )

### PLAINTIFF'S COMPLAINT

Plaintiff, GEORGE FREEMAN ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NORTHWOOD ASSET MANAGEMENT GROUP, LLC ("NAMG"), ANDREW FANELLI, individually ("Fanelli"), and PLAZA SERVICES, LLC ("Plaza Services") (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Golden, Jefferson County, State of Colorado.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5).

8. NAMG is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

9. Plaza is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

10. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

11. NAMG is a collection agency with a principal place of business located in the City of Williamsville, Erie County, State of New York.

12. Upon information and belief, Fanelli, is the president, owner, director and/or partner of NAMG and regularly directs the business practices of the company.

13. Upon information and belief, Fanelli is a citizen of the State of New York.

14. Plaza Services is a South Dakota-organized limited liability company, debt buyer, and national debt collection agency located in the City of Atlanta, Fulton County, State of Georgia.

15. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

2

17. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties or originally owed to third parties.

18. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or originally owed to third parties.

19. During the course of their attempts to collect debts allegedly owed to third parties or originally owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

21. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

22. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v.*

*Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

## FACTUAL ALLEGATIONS

23. Defendants are attempting to collect a consumer debt from Plaintiff allegedly originating with LoanDepot.

24. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

25. At all times relevant hereto, Plaza Services owned the alleged debt.

26. At all times relevant hereto, NAMG was engaged by Plaza Services to collect the alleged debt.

27. In or around March 2021, NAMG began calling Plaintiff on his cellular telephone at xxx-xxx-1589.

28. In or around April 1, 2021, NAMG began sending emails to Plaintiff at Plaintiff's address at xxxxxxfreeman1@gmail.com, in an attempt to collect the alleged debt.

29. Plaintiff has had no interaction with LoanDepot for 15 months.

30. Plaintiff does not owe the alleged debt that Defendants seek to collect.

31. NAMG's collectors also leave voicemail messages for Plaintiff on his cellular telephone.

32. One such voicemail message is transcribed, as follows:

> "Yes, Mr. Nick Freeman. I'm looking for a Mr. George Freeman or Michael Freeman. If you can please contact my office at hear code 716-332-7924. Again 716-332-7924. Reference number 749156. I will be available until 6:00 PM Eastern for your convenience in returning this call. Thank you."

33. The above-referenced voicemail message failed to disclose that the communication is from

4

Northwood Asset Management Group, LLC.

34. The above-referenced message failed to disclose the communication is from a debt collector.

35. The voicemail message transcribed above failed to disclose the communication is an attempt to collect a debt.

36. NAMG's collector was working within the scope of his employment when he communicated with Plaintiff.

37. NAMG's collectors are or should be familiar with the FDCPA.

38. NAMG's collectors know or should know that the FDCPA requires a debt collector to provide meaningful disclosure of the caller's identity when placing a telephone call.

39. NAMG's collectors know or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

40. During the course of collection efforts against Plaintiff, Fanelli acted in association with his company, NAMG, regarding the conduct toward Plaintiff described above by presenting to NAMG office(s) to work and by assisting NAMG in obtaining revenue.

41. NAMG was the avenue through which Fanelli, and NAMG's employees conducted their business operation, namely, debt collection.

42. Fanelli was responsible for setting the policies and procedures related to the collection practices of NAMG's employees and directed them to specifically act in the manner described above.

43. During all times pertinent hereto, Fanelli:

a. Created the collection policies and procedures used by NAMG, and its respective employees and agents, in connection with their common efforts to collect consumer debts;

b. Managed or otherwise controlled the daily collection operations of NAMG;

c. Oversaw the application of the collection policies and procedures used by NAMG and its employees and agents;

d. Drafted, created, approved and ratified the tactics and scripts used by NAMG and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged above;

e. Ratified the unlawful debt collection practices and procedures used by NAMG and its employees and agents in connection with their common efforts to collect consumer debts; and

f. Had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by NAMG and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above.

44. Fanelli knew that NAMG repeatedly or continuously engaged in collection practices.

45. Fanelli and NAMG, and their respective agents and employees, knew that the representations made to Plaintiff were false, deceptive and misleading.

46. At all times relevant, NAMG was an agent of Plaza Services.

47. At all times relevant, Plaza Services was acting through its agent NAMG.

**COUNT I:**
**NORTHWOOD ASSET MANAGEMENT, LLC GROUP AND ANDREW FANELLI**
**VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

48. NAMG and Fanelli violated the FDCPA based on the following:

    a.   NAMG and Fanelli  violated § 1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity when NAMG's collectors left voicemail messages on Plaintiff's telephone and did not disclose the communication was from Northwood Asset Management Group, LLC;

    b.   NAMG and Fanelli violated § 1692e of the FDCPA by NAMG's use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when NAMG engaged in engaged in, at least, the following discrete violations of § 1692e;

    c.   NAMG and Fanelli violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector when NAMG's collectors left voicemail messages on Plaintiff's telephone and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

    d.   NAMG and Fanelli violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when NAMG engaged in the foregoing conduct.

WHEREFORE, Plaintiff, GEORGE FREEMAN, respectfully requests judgment be entered against Defendants,  NORTHWOOD ASSET MANAGEMENT GROUP, LLC, and ANDREW FANELLI for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, § 15 U.S.C. 1692k; and

51. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**PLAZA SERVICES, LLC VIOLATED THE FAIR DEBT COLLECTION**
**PRACTICES ACT**

52. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 52 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

53. As alleged above, Plaza is a debt collector as defined by the FDCPA.

54. Plaza engaged the services of fellow debt collector NAMG to collect the alleged debt from Plaintiff.

55. Plaza has the burden to monitor the activities of NAMG.

56. NAMG violated the FDCPA.

57. Plaza is vicariously liable for the unlawful collection activities carried out by NAMG on its behalf.

WHEREFORE, Plaintiff, GEORGE FREEMAN, respectfully requests that judgment be entered, both jointly and severally, against Defendant, PLAZA SERVICES, LLC for the following:

58. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

59. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

60. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 9, 2021                    By: /s/ Taylor L. Kosla
                                       Taylor L. Kosla
                                       SBN: 6327180
                                       Agruss Law Firm, LLC
                                       4809 N. Ravenswood Ave.
                                       Suite 419
                                       Chicago, IL 60640
                                       Tel: 312-224-4695
                                       Fax: 312-253-4451
                                       taylor@agrusslawfirm.com
                                       Attorney for Plaintiff